```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
JOZEF R. LONT,                                          :
                                                        :        REPORT &
                                  Plaintiff,            :     RECOMMENDATION
                                                        :        and ORDER
            -against-                                   :
                                                        :        10-CV-4528 (SLT)
N.Y.C. POLICE DEPARTMENT ET AL.,                        :
                                                        :
                                  Defendants.           :
                                                        :
---------------------------------------------------------------------- x
```

GOLD, STEVEN M., U.S.M.J.:

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that police officers used excessive force when he was arrested in the early morning hours of October 7, 2007. By letter dated February 2, 2011, plaintiff requests the Court's assistance in serving the defendants and an extension of time to do so.

   A. *Report & Recommendation*

First, plaintiff sues the "N.Y.C. Police Department" and several police officers in this lawsuit. Plaintiff, however, cannot pursue a claim against the New York City Police Department. *See* N.Y. City Charter Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Accordingly, I respectfully recommend that the N.Y.C. Police Department be dismissed from this action, without prejudice to plaintiff's right to amend the complaint to name the City of New York as a defendant.

Any objections to this recommendation must be filed with the Clerk of the Court within fourteen days of this report and in any event no later than March 7, 2011. Failure to object to

this report may waive the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *See Small v. Sec'y of Health & Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

   B. Order

Second, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court requests that Corporation Counsel ascertain the full names and service addresses of the officers who were involved in the incident with plaintiff on October 7, 2007. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may properly name and serve the defendants as the Second Circuit instructs in *Valentin*.

Corporation Counsel is hereby requested to produce the information specified above regarding the identities and service addresses of the police officers by March 18, 2011. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued, and plaintiff is directed to serve the defendants within sixty days, or no later than May 18, 2011.

**SO ORDERED.**

_____/s/_____
**Steven M. Gold**
**United States Magistrate Judge**

**Brooklyn, New York**
**February 16, 2011**

A copy of this R&R and Order will be mailed on this day to plaintiff at the address listed on the docket sheet. A courtesy copy of the complaint and this Order will be mailed on this day to Corporation Counsel, c/o Noreen Stackhouse.