FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 02 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOZEF R. LONT,

                Plaintiff,

- against -

N.Y.C. POLICE DEPARTMENT, *et al.*,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-4528 (SLT)(SMG)

**TOWNES, United States District Judge:**

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that New York City police officers used excessive force or otherwise violated his federal constitutional rights in the course of effecting and processing his arrest in October 2007. Plaintiff's complaint consists of nine pages, each of which is headed by a caption, a list of the parties, and a sentence setting forth the basis for federal jurisdiction. Although the caption names the N.Y.C. Police Department as the lone defendant, the list of parties names three police officers and a Jane Doe, "P.O. 'Lady Cop.'"

On February 16, 2011, Magistrate Judge Gold issued a "Report & Recommendation and Order" (the "R&R"), in which he noted that the N.Y.C. Police Department was not a proper party and recommended "that the N.Y.C. Police Department be dismissed from this action." R&R at 1. Since a section 1983 action can be brought against a municipality for the unconstitutional acts of its employees – although only when the employees' actions were pursuant to a "policy or custom" established by the municipality, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) – the R&R recommended that the dismissal be "without prejudice to plaintiff's right to amend

the complaint to name the City of New York as a defendant." R&R at 1. The R&R also specifically advised plaintiff that any objections to the R&R had to be filed no later than March 7, 2011, and warned plaintiff of the consequences of a failure to object. *Id.* at 1-2.

Although a copy of the R&R was mailed to plaintiff on February 16, 2011, *see id.* at 2, n. 2, plaintiff has not yet objected to the R&R. A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, even when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

This Court has reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## *CONCLUSION*

For the reasons stated above, Magistrate Judge Gold's Report and Recommendation dated February 16, 2011, is adopted in its entirety. The N.Y.C. Police Department is dismissed from this action. Although this dismissal is without prejudice to plaintiff's right under Rule 15(a) of the Federal Rules of Civil Procedure to amend the complaint to name the City of New York as defendant, plaintiff is advised that a municipality may not be held liable under section 1983 for the constitutional torts of its employees under a theory of *respondeat superior*. *See Monell*, 436

2

U.S. at 694. Rather, in order to establish municipal liability, a plaintiff must show that the employees acted pursuant to a "policy or custom" established by the municipality. *Id.*

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: May 31, 2011
Brooklyn, New York